THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VAL SKYE P., <br><br> Plaintiff. <br><br> v. <br><br> KILOLO KIJAKAZI, <br> **Acting Commissioner of Social Security,** <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER** <br><br><br> Case No. 2:22-cv-00241-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1] Before the court is Plaintiff Val Skye P.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act[2] and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court has determined that oral argument is not necessary in this case. Based upon the analysis set forth below, Plaintiff's sole argument on appeal fails. Therefore, the court affirms the Commissioner's decision.

---

[1] ECF No. 7.

[2] 42 U.S.C. §§ 401-434.

[3] *Id.* §§ 1381–1383f.

**PROCEDURAL BACKGROUND**

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB in May 2018 and applied for SSI in June 2019.[4] Plaintiff's applications were denied initially[5] and upon reconsideration.[6] On August 3, 2021, Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ").[7] The ALJ issued a written decision on August 16, 2021, denying Plaintiff's claims for DIB and SSI.[8] Plaintiff appealed the adverse ruling, and, on February 18, 2022, the Appeals Council denied her appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] On April 7, 2022, Plaintiff filed her complaint in this case seeking review of the Commissioner's final decision.[11]

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[12] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[13] "Substantial evidence is such relevant evidence as a reasonable mind

---

[4] ECF No. 16, Administrative Record ("AR ____") 19, 234-37.

[5] AR 75-91.

[6] AR 92-114.

[7] AR 40-69.

[8] AR 16-39.

[9] AR 3-8.

[10] 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

[11] ECF No. 5.

[12] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[13] 42 U.S.C. § 405(g).

might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[14] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[15] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[16]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[17] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[18]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[19]

---

[14] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[15] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[16] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[17] 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); see also *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[18] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); see also *Williams*, 844 F.2d at 750.

[19] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); see also 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[20] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[21] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[22] An individual's RFC is her greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from her impairments.[23] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[24]

For the fourth step, the claimant must show, given her RFC, that her impairments prevent performance of her "past relevant work."[25] "If the claimant is able to perform [her] previous work, [she] is not disabled."[26] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[27]

---

[20] 20 C.F.R. §§ 404.1525(a), 416.925(a); see also id. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).
[21] Williams, 844 F.2d at 751.
[22] 20 C.F.R. §§ 404.1520(e), 416.920(e).
[23] Id. §§ 404.1545(a)(1), (b)-(c), 416.945(a)(1), (b)-(c).
[24] Id. §§ 404.1545(a)(2), 416.945(a)(2).
[25] Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).
[26] Williams, 844 F.2d at 751.
[27] Id.

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[28] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[29] If it is determined that the claimant "can make an adjustment to other work," she is not disabled.[30] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[31]

## ANALYSIS

### I. Substantial Evidence Supports the Evaluation of Plaintiff's Reported Symptoms.

The ALJ's "consistency analysis" of Plaintiff's reported symptoms in reaching an RFC is supported by substantial evidence. Under 20 C.F.R. §§ 404.1529 and 416.929, the ALJ must address a claimant's reported symptoms.[32] "Since the purpose of the [symptom] evaluation is to help the ALJ assess a claimant's RFC, the ALJ's [symptom] and RFC determinations are inherently intertwined."[33] Plaintiff bears the burden of showing that limitations should be included in her RFC assessment.[34]

---

[28] *Id*.

[29] *Id*. (quotations and citation omitted); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[30] 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[31] *Id*. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[32] 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

[33] *Poppa v. Astrue,* 569 F.3d 1167, 1171 (10th Cir. 2009). Although SSR 16-3p eliminated the use of the term "credibility" in order to "clarify that subjective symptom evaluation is not an examination of an individual's character" cases that discuss "credibility" under SSR 96-7p, such as *Poppa*, are still relevant.

[34] *Howard v. Barnhart,* 379 F.3d 945, 948-49 (10th Cir. 2004).

In an attempt to meet this burden, Plaintiff claimed to experience agoraphobia, panic attacks, depression, anxiety, dissociative episodes, and switching between different identities.[35] Plaintiff reported that these mental symptoms resulted in significant difficulty leaving her home, interacting with others, remembering things, and completing tasks.[36]

In considering Plaintiff's claims, the ALJ found that Plaintiff's reported symptoms were inconsistent with other evidence in the record (e.g., Plaintiff's activity level and objective medical evidence, among others).[37] This finding is due particular judicial deference.[38] In fact, the court can find that "no substantial evidence" supports an ALJ's decision only where there is a "conspicuous absence of credible choices or no contrary medical evidence."[39] Such is not the case here because the ALJ gave four well-supported reasons for concluding that Plaintiff's reported symptoms not as severe as she claimed: (1) Plaintiff's daily activities; (2) objective medical evidence; (3) the efficacy of her treatment; and (4) Plaintiff's failure to seek treatment.[40]

In contending that the ALJ's reasoned determination was deficient, Plaintiff essentially asks the court to weigh more heavily than the ALJ did Plaintiff's self-reported limitations in performing certain activities.[41] Specifically, Plaintiff requests that the court conclude that the ALJ erred in discounting part of the vocational expert's testimony when creating Plaintiff's

---

[35] AR 25.

[36] AR 25.

[37] AR 26.

[38] *White v. Barnhart*, 287 F.3d 903, 910 (10th Cir. 2002).

[39] *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (quotations and citations omitted).

[40] AR 25-27.

[41] ECF No. 19 at 26-27, 35-36.

RFC.[42] However, the ALJ reasonably declined to include unsupported limitations from either Plaintiff's own testimony or from the vocational expert when crafting Plaintiff's RFC because the other record evidence did not support those assertions.[43] Indeed, rearguing the weight of the evidence is an unavailing tactic on appeal because it is not this court's role to reweigh the evidence before the ALJ.[44] Although Plaintiff disputes the ALJ's conclusion, she cannot reasonably dispute that the ALJ considered the consistency of Plaintiff's reported symptoms with the other evidence and, therefore, fully complied with the relevant regulations.[45] Therefore, the court finds that substantial evidence supports the ALJ's decision.

## CONCLUSION AND ORDER

As demonstrated above, Plaintiff's sole argument on appeal fails. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 18th day of April 2023.

---

[42] ECF No. 19 at 16-19.

[43] *See, e.g.*, *Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) ("The ALJ was not required to accept the [vocational expert's] answer to a hypothetical question that included limitations claimed by plaintiff but not accepted by the ALJ as supported by the record.").

[44] *Madrid*, 447 F.3d at 790; *see also Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).

[45] 20 C.F.R. §§ 404.1529, 416.929.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge